MEMORANDUM **
Plaintiffs David Heffelfinger, Andrew Hinds, and Rodney Dwyre contend that they and other IT worker class members are not administratively exempt, CaLCode Regs. tit. 8, § 11040(1)(A)(2), from California wage law requiring that Defendant EDS pay them overtime compensation, see Cal. Lab.Code § 510. We affirm the district court’s grant of summary judgment to EDS as to Heffelfinger and Hinds, reverse as to Dwyre, and remand for further proceedings.
I. The Administrative Exemption
We note, initially, that we do not rely on the 2004 FLSA regulations to interpret California’s administrative exemption. The exemption expressly incorporates FLSA regulations effective as of 2001, see CaLCode Regs. tit. 8, § 11040(l)(A)(2)(f), and California’s Industrial Welfare Commission (“IWC”) has clarified, with respect to Wage Order 4-2001, that “ ‘only those federal regulations specifically cited in its wage orders, and in effect at the time of promulgation of these wage orders, ... apply in defining exempt duties under California law.’ ” Harris v. Superior Court, 53 Cal.4th 170, 180, 135 Cal.Rptr.3d 247, 266 P.3d 953 (2011) (final emphasis added) (quoting IWC, Statement as to the Basis (2001)).[1]
a. David Heffelfinger
Heffelfinger primarily performed work “directly related to management policies or general business operations,” Cal. Code Regs. tit. 8, § 11040(l)(A)(2)(a)(I), of one of EDS’s customers. His main role, installing, maintaining, and managing a personnel records management database for the Department of Defense (“DOD”), qualifies as “ ‘servicing’ a business,” 29 C.F.R. § 541.205(b), and was therefore “qualitatively administrative,” Harris v. Superior Court, 53 Cal.4th 170, 181, 135 Cal.Rptr.3d 247, 266 P.3d 953 (2011).
Additionally, Heffelfinger’s duties entailed “execut[ing] or carr[ying] ... out,” 29 C.F.R. § 541.205(c), DOD database policies by “developing and enforcing data base standards and procedures,” “leading or participating in logical and physical data base design,” and “reviewing system and programming designs to ensure efficient use of data base resources,” among other responsibilities of a similar level of importance. He also “affect[ed] policy,” id., by “monitoring data base performance statistics and recommending improvements, advising systems engineers *713 and updating management on data base concepts and techniques, and researching new data base technologies.” The majority of Heffelfinger’s work was therefore “quantitatively ” administrative, Harris, 53 Cal.4th at 181, 135 Cal.Rptr.3d 247, 266 P.3d 953, as well.
In addition, Heffelfinger “customarily and regularly exercise[d] discretion and independent judgment,” CaLCode Regs. tit. 8, § 11040(l)(A)(2)(b), regarding “matters of significance,” 29 C.F.R. § 541.207(a). As a Team Lead, he distributed assignments among team members, monitored projects, and resolved disputes. Like the administratively exempt plaintiff in Combs v. Skyriver Comms., Inc., he also had the authority to recommend courses of action for achieving client specifications. See 159 Cal.App.4th 1242, 1265-66, 72 Cal.Rptr.3d 171 (2008). Heffelfinger “suggested solutions to accomplish technical specifications received from the DOD,” “presented logical representations of network design which the DOD took under advisement,” and provided advice on the feasibility of running different applications. That his suggestions were routinely subject to final client approval does not undermine the exempt nature of Heffelinger’s role in designing and implementing database solutions based on DOD directives. See 29 C.F.R. § 541.207(e)(1).
As there are no genuine issues of material fact with regard to any of these matters, we affirm the grant of summary judgment to EDS as to whether Heffelfinger was exempt as an administrative employee.
b. Andrew Hinds
Hinds is not judicially estopped at this juncture from pursuing his claims simply because he failed to disclose this lawsuit in his bankruptcy proceedings. Judicial estoppel does not apply if Hinds’s nondisclosure was based on “inadvertence or mistake.” Helfand v. Gerson, 105 F.3d 530, 536 (9th Cir.1997). Hinds’s declaration creates a genuine issue as to whether his nondisclosure was inadvertent; as Hinds asserted, “I did not disclose [this lawsuit] to the bankruptcy court or trustee because I had no idea that I should.”
Like Heffelfinger, Hinds serviced the DOD by maintaining and managing the DOC’s personnel records management database and therefore performed “qualitatively administrative” work, Harris, 53 Cal.4th at 181, 135 Cal.Rptr.3d 247, 266 P.3d 953; see 29 C.F.R. § 541.205(a). Hinds’s duties were also “quantitatively ” administrative, id., as substantiated by the plaintiffs’ concession that “Hinds was responsible for very high-level problem-solving and for implementing specialized tools with respect to the Oracle data base.” The plaintiffs moreover agree that “[i]n general, Hinds provided solutions to the DOD’s technical issues, which included leading and coordinating operational support and implementation activities for the DOD’s database administration.” (emphasis added)
Furthermore, Hinds “customarily and regularly exercise[d] discretion and independent judgment,” CaLCode Regs. tit. 8, § 11040(1)(A)(2)(b), in a “real and substantial” way, 29 C.F.R. § 541.207(d)(1). He was responsible for keeping the DOD’s personnel records management database “up and running,” and also served as “point man” with respect the DOD’s common access card system.” In addition, Hinds analyzed production problems, participated in “subsystem design” and “major system upgrades,” and worked “[u]nder minimal direction ... to provide programming and technical leadership in support of customer needs.” Based on these undisputed facts, no reasonable juror could conclude that Hinds did not regularly exercise independent judgment and *714 discretion “with respect to matters of significance,” id. § 541.207(a).
c. Rodney Dwyre
In contrast, there is a triable issue as to whether Dwyre, a Systems Engineer and Information Analyst, qualifies for the administrative exemption. Dwyre’s “duties primarily consisted of computer programming of business applications” for the California Department of Health Services (“DHS”),” another EDS customer. Although “computer programmers” and “systems analysts” can be administratively exempt if they perform duties such as “the planning, scheduling, and coordination of activities which are required to develop systems for processing data to obtain solutions to complex business, scientific, or engineering problems,” id. § 541.205(c)(7), the specific kinds of duties enumerated in subsection (a)(2) of the computer software field exemption, see Cal. Lab.Code § 515.5(a)(2), do not in themselves constitute “qualitatively,” Harris, 53 Cal.4th at 181, 135 Cal.Rptr.3d 247, 266 P.3d 953, administrative work within the meaning of the administrative exemption.
As a technical Team Lead, Dwyre spent part of his time assigning and coordinating work, determining schedules, reviewing assignments, and running team meetings. Although duties like these fall within the definition of administratively exempt work, Dwyre asserted that he spent “nowhere near 50% of [his] time” on such activities.” Instead, Dwyre’s declared that his “job was to create or modify” computer programs to meet DHS’s business requirements. The record readily supports an inference that Dwyre was primarily engaged in “[t]he design, development, documentation, analysis, creation, testing, or modification of computer systems or programs, including prototypes, based on and related to user or system design specifications” and/or the “[t]he application of systems analysis techniques and procedures, including consulting with users, to determine ... software ... or system functional specifications.” Id. § 515.5(a)(2)(A)-(B). Based on the record, a reasonable juror could find that Dwyre was not primarily engaged in “qualitatively” administrative work, Harris, 53 Cal.4th at 181, 135 Cal.Rptr.3d 247, 266 P.3d 953.
II. Class Certification
The district court did not abuse its discretion in certifying the IT Workers as a class. See Marlo v. United Parcel Service, Inc., 639 F.3d 942, 946 (9th Cir.2011). The class members shared a common question of law: whether the IT Workers’ duties constituted “work directly related to management policies or general business operations,” Cal.Code Regs. tit. 8, § 11040(l)(A)(2)(a)(I), of EDS or its customers. Because this question predominated at the time over any need for individualized inquiry into class members’ responsibilities, the district court did not err in certifying the class. See Fed. R.Civ.P. 23(b)(3).
As the district court acknowledged, however, “EDS has raised serious issues regarding the fact that information technology workers’ job responsibilities vary.” Even class members who shared the same job code had different duties. Upon remand, the district court retains broad discretion to address problems with the certified class, including the authority to decertify the class, in light of our holding on appeal or for other reasons. See United Steel, Paper & Forestry, Rubber, Mfg. Energy, Allied Indus. & Serv. Workers Int’l Union, AFL-CIO, CLC v. Conoco-Phillips, 593 F.3d 802, 809-10 (9th Cir.2010).
We therefore AFFIRM IN PART and REVERSE IN PART the grant of summary judgment for EDS. We REMAND to *715 the district court for further proceedings consistent with this disposition, including consideration of EDS’s motion for class decertification and, if appropriate, consideration of whether Dwyre falls within the computer software field exemption.
Each party shall bear its own costs on appeal.

 This disposition is not appropriate for publication and is not precedent except as provided by 9 th Cir. R. 36-3.

. All citations to the FLSA regulations in this memorandum disposition are to the 2001 version.